UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN W. MANN,

        Plaintiff,

-vs-                              Case No. 5:10-cv-435-Oc-10GRJ

DIANA L. PETTIGREW,

        Defendant.
_____

**O R D E R**

Plaintiff initiated this case by filing a Civil Rights Complaint (Doc. 1). Plaintiff claims that Defendant embezzled money from his mother's estate through a series of fraudulent acts, thereby depriving Plaintiff of his share of his mother's estate. Id. Plaintiff cites "Code 31:3731" as the statutory authority for his claim. Id.

On January 27, 2011, the United States Magistrate Judge entered a Report and Recommendation, recommending to the Court that Plaintiff's case be dismissed without prejudice, and that the Court terminate any pending motions, and close the file. (Doc. 12). Plaintiff filed timely Objections to the Report (Doc. 13).

Upon an independent *de novo* examination of the file and upon due consideration, it is ORDERED and ADJUDGED that:

    1.    The Plaintiff's Objections (Doc. 13) are OVERRULED. The Court agrees with the United States Magistrate Judge's Report that Plaintiff does not allege a basis on which this Court may exercise subject matter jurisdiction. Specifically, with respect to

federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff does not allege that Plaintiff violated any of his constitutional rights. See Doc. 1. The only alleged statutory basis for his claim appears to be inapplicable to the alleged facts. Section 3731 of Title 31, United States Code, pertains to civil actions arising from making a false claim for payment or approval of payments by the United States government. See 31 U.S.C. §§ 3729-3731. Plaintiff does not allege that Defendant's actions involved false claims for payment from the United States. See Doc. 1.

In response to the Report and Recommendation on this issue, Plaintiff argues that he is *pro se* and he has stated his claims to "the best of [his] ability." (Doc. 13). Plaintiff asserts that "[he] is quite sure out of all the case law, some are favorable to this Plaintiff yet not one was cited." Id.

While the Court is mindful of the fact that the Plaintiff is acting *pro se*, he is still required to comply with the relevant law and rules of court, including the Federal Rules of Civil Procedure. See Madura v. Countrywide Home Loans, Inc., 2007 U.S. Dist. LEXIS 41578, *8 (11th Cir. 2007). Although Plaintiff has filed an Objection to the Report and Recommendation, he has still not shown that federal question jurisdiction exists, and his case cannot proceed on this basis.

Further, the Court agrees with the Magistrate Judge that Plaintiff has not alleged that he and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00. Indeed, Plaintiff does not make this assertion in his Objection to the Report

and Recommendation. See Doc. 13. Accordingly, the Court cannot exercise diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a).

Moreover, while Plaintiff contends that oral argument should be heard, and his "Motion to Seal Motion for Appointment of Counsel" be ruled on before the Court dismisses this case, the Court finds that it is improper to proceed with this case when there is clearly no basis for subject matter jurisdiction.

2. The Magistrate Judge's Report and Recommendation (Doc. 12), is ADOPTED, CONFIRMED, AND MADE A PART HEREOF.

3. The Clerk is directed to enter judgment dismissing this case **without prejudice**, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 11th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE

Copies to: John W. Mann